# Rassau, Appellant, v. Campbell:

*Constitutional law—Statutes—Local and special laws—Article III,
sec. 7 of the constitution—Act of June 8, 1911, P. L. 703.*

1. The Act of June 8, 1911, P. L. 703, repealing the Act of April 3,
1872, P. L. 804, relating to liquor licenses in certain townships of
Allegheny county, does not violate art. III, sec. 7 of the constitution,
relating to the local or special laws of townships.

2. The Act of June 8, 1911, P. L. 703, was not intended to be effec-
tive in that portion of the territory originally embraced in one of the
townships mentioned in the Act of April 3, 1872, P. L. 804, but which
by reason of its having been incorporated as a borough bearing another
name was not embraced in the township at the date of the enactment
of the repealing law.

Submitted Dec. 4, 1911.   Appeal, No. 106, April T.,
1912, by plaintiff, from decree of C. P. No. 2, Allegheny
Co., Oct. T., 1911, No. 985, dismissing bill in equity in
case of John Rassau v. I. K. Campbell et al., County Com-
missioners, and Franck Scholl, Constable of the Borough
of Brackenridge.   Before RICE, P. J., HENDERSON, MORRI-
SON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Bill in equity for an injunction.

FRAZER, P. J., filed the following opinion:

The purpose of this bill was to restrain defendants from
preparing ballots and giving notice of a special election to
be held in the borough of Brackenridge on the third Tues-
day of February, 1912, to vote for or against the granting
of licenses to sell liquor in that borough.   The bill sets
forth that the plaintiff is a taxpayer and resident of the
borough of Brackenridge and that defendants are prepar-
ing to give notice for the holding of an election in the first
ward of that borough on the third Tuesday of February,
1912, for the purpose of determining whether or not li-
censes to sell liquor in the ward above referred to during
the coming three years shall be granted.   Defendants

demur, alleging that the facts set forth in the bill do not entitle plaintiff to the relief claimed and that no injunction should therefore be granted as prayed for.

By an Act of assembly approved April 3, 1872, P. L. 804, entitled, "An act to allow the voters of the Townships of West Deer, East Deer, Pine, Richland, Harrison, North Versailles, South Versailles, North Fayette, South Fayette and Kilbuck, in the County of Allegheny, to vote for or against the issuing of licenses to sell intoxicating liquor in said township," it is provided "that at the next annual municipal election" in the townships named, "and at the annual municipal election held every third year thereafter, it shall be the duty of the inspectors and judges of election in said township to receive tickets, either written or printed, from the legal voters of said township labeled on the outside 'License' and on the inside 'For license' or 'Against license.'" These tickets the judges and inspectors are required to count and make return thereof to the court of quarter sessions of the county. The second section makes it the duty of the constables of the several townships named to give due public notice by handbills throughout the township of such special election at least thirty days previous to the time for holding the same. If a majority of the votes cast in any township named is in favor of the sale of intoxicating liquors licenses may be granted in that township; if a majority of the votes cast is against the sale of liquors no licenses shall be granted in that township for a period of three years. By Act of June 8, 1911, P. L. 703, the act of April 3, 1872, was repealed "so far as its provisions relate to the townships of Pine, Harrison, North Versailles, North Fayette and South Fayette." Subsequent to the passage of the act of 1872 and some time prior to the passage of the repealing act of 1911 the borough of Brackenridge was created out of a portion of Harrison township, and has since its creation been subject to the act of 1872, and elections have been held under its provisions in that borough triennially since its incorporation.

The question to be determined here is whether or not the repealing act of 1911 applies to the territory within the limits of the borough of Brackenridge. If it does, no election should be held in February, 1912; if it does not, then an election should be held as heretofore. In Rassau v. Borough of Brackenridge at No. 514, April Term, 1911, we held that the borough of Brackenridge was subject to the provisions of the act of 1872 and that an election should be held in that borough under the provisions of the act in February, 1912, and not in November, 1911. The local option features of the act of 1872, having attached to all the territory embraced in the township of Harrison at the time of the passage of the act, we are of opinion that those features still attach to that territory, and will continue applicable thereto until repealed either directly or by implication, neither of which the act of 1911 in our opinion does in the territory embraced within the borough of Brackenridge. That the repealing act of 1911 was intended to apply to the territory at present embraced in Harrison township, and not to territory included in its limits in 1872, seems clear from the very wording of the statute. The borough of Brackenridge has been a separate municipal division for many years, and if the legislature had intended the repealing act of 1911 to apply to it presumably it would have said so, and not having done so we cannot extend its provisions to a municipality not named in the statute.

In a supplemental brief filed the power of the legislature to pass an act repealing part of a local or special act is raised. In support of the contention that the legislature has no such power the case of Blankenburg v. Black, 200 Pa. 629, is cited. That case it seems to us does not rule the question now before us. There an attempt was made to change or alter a part of a local act applicable to but one municipality by repealing a portion of a section of the local act. The repealing act in that case was declared unconstitutional because its provisions amounted to no more than an alteration of the original act and was

therefore special legislation regulating the affairs of a county. Here the act of 1872 applies to separate and distinct divisions of the commonwealth, to any one of which the provisions of the act might have been made applicable by independent legislation. Such being the case we see no reason why one or more of the townships cannot be relieved from its provisions by a repealing statute, especially when that can be done without in any manner altering or changing the effect of the original law in the remaining townships.

Being of opinion that the act of 1872 still applies to the borough of Brackenridge, the demurrer is sustained and judgment entered thereon for defendants.

#### DECREE.

And now, to wit, November 20, 1911, this case came on to be heard at this term, and was argued by counsel and upon consideration thereof it is ordered, adjudged and decreed as follows, viz.:

That the bill in this case be and the same is hereby dismissed and the plaintiff is directed to pay the costs.

*Error assigned* was decree dismissing bill in equity.

*McVicar & Hazlett*, for appellant.

*Edward J. I. Gannon* and *A. B. Hay*, for appellees.

PER CURIAM, December 11, 1911:

This case was submitted on paper-books without oral argument, and it is important that it be decided before the court rises. We therefore are compelled to omit any extended discussion of the questions involved. We feel freer to do this because they have been carefully considered and discussed in the opinion of the court below. The two questions raised and discussed in the printed briefs are: first, whether the legislature, by the Act of June 8, 1911, P. L. 703, intended to repeal the Act of

April 3, 1872, P. L. 804, as to the entire territory embraced in the township of Harrison at the time of the enactment of the latter statute, or only as to the territory embraced in the township at the date of the enactment of the repealing statute; second, whether the repealing act violates the provision of sec. 7, art III of the constitution prohibiting the passage of any local or special law regulating the affairs of townships as qualified by the provision "but laws repealing local or special laws may be passed."

We all concur in the conclusion that the act is within the last-quoted provision, and therefore is constitutional; and a majority of us concur in the conclusion that it was not intended to be effective in that portion of the territory originally embraced in the township of Harrison, but which, by reason of its having been incorporated as a borough bearing another name, was not embraced in the township at the date of the enactment of the repealing law. Those of us who concur in the latter conclusion think it is well sustained by the opinion of the learned judge of the court below, and that nothing further need be added in support thereof.

The decree is affirmed at the costs of the appellant.